IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARREN WILSON, #N95724,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　)　　Case No. 18-cv-01352-NJR
　　　　　　　　　　　　　　　　　　)
ILLINOIS DEPARTMENT OF　　　　　　)
CORRECTIONS,　　　　　　　　　　　)
JEFFERY M. DENNISON,　　　　　　　)
MRS. WALKER,　　　　　　　　　　　)
KAREN S. SMOOT,　　　　　　　　　 )
SGT. NANCE,　　　　　　　　　　　　)
M. BUNDREN,　　　　　　　　　　　　)
SGT. NASH,[1] and　　　　　　　　　)
CHARLES JOHNSON,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　 )

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

　　　　Plaintiff Darren Wilson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated in Pinckneyville Correctional Center ("Pinckneyville"), brings this action for violations of his federal rights at Shawnee Correctional Center ("Shawnee"), pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* (Doc. 1). In the Complaint, Plaintiff alleges that he was denied access to programs and services on the same basis as other inmates at Shawnee because of a disability related to his back and knee. (Doc. 1, pp. 1-53). He seeks declaratory judgment, monetary damages, and injunctive relief against the defendants. (Doc. 1, p. 10).

---

[1] Plaintiff identifies "Sgt. Nance" as a defendant in the case caption and "Sgt. Nash" in the list of defendants. The statement of claim only mentions Sgt. Nance. It is unclear whether these defendants are actually the same person. Regardless, Sgt. Nash shall be dismissed without prejudice from this action because no allegations are set forth against this individual in the Complaint. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (merely invoking the name of a potential defendant is not sufficient to state a claim against that individual).

1

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives preliminary review under this standard.

## Complaint

Plaintiff suffers from physical limitations related to a right knee injury and degenerative disc disease in his back. (Doc. 1, p. 6). He cannot sit, stand, or walk without assistance. *Id*. He requires a low gallery/low bunk permit, ramps, elevators, handrails, and assistive devices (e.g., braces, cane, wheelchair, shower chair, etc.), among other things. (Doc. 1, pp. 6-9). Plaintiff also needs additional time to access prison programs and services. *Id*.

The defendants allegedly failed to accommodate Plaintiff's disability. (Doc. 1, pp. 6-9). He met to discuss his medical conditions and need for accommodations with Jeffery Dennison (warden), Mrs. Walker (warden of programs), and Karen Smoot (ADA coordinator) soon after transferring to

2

Shawnee on March 8, 2017. (Doc. 1, p. 6). Unfortunately, however, few accommodations were ever provided. (Doc. 1, pp. 6-9).

Plaintiff was authorized to receive only half as many showers as non-ADA inmates. (Doc. 1, p. 6). His showers were also limited to ten minutes each. *Id*. Because the showers coincided with church services two days each week, Plaintiff had to choose between showering and attending church on those days. (Doc. 1, p. 7). For more than a year, Wardens Dennison and Walker would not authorize his use of the ADA gym, despite medical records that supported his request. *Id*. Plaintiff also was instructed to stop using the stairs to access the prison law library, after he fell and injured his thumb on one occasion. (Doc. 1, p. 8). His related request for installation of a ramp or elevator to access the library was denied. *Id*.

Two months before transferring from Shawnee on May 2, 2018, Plaintiff was placed in a cell that lacked handrails. (Doc. 1, pp. 6, 8, 39). Officer Johnson, Officer Bundren, and Sergeant Nance also confiscated his arch support gym shoes, back brace, and knee brace in the process. (Doc. 1, pp. 8-9). Plaintiff told Warden Dennison, Warden Walker, and ADA Coordinator Smoot that he was "at risk of falling" without these items. (Doc. 1, p. 9). Before the items were returned to him a month later, Plaintiff fell "many times" while trying to transfer onto and off of the toilet. *Id*. He suffered new injuries to his back, knee, foot, and thumb in the process. *Id*.

Plaintiff now seeks declaratory judgment, monetary damages, and injunctive relief[2] against the defendants. (Doc. 1, p. 10).

---

[2] Plaintiff asks this Court to issue an injunction requiring the defendants to comply with the ADA. (Doc. 1, p. 10). The Court interprets this request as one for relief at the end of the case. The Court saves this request for another day. With that said, it appears that the request may be moot, given Plaintiff's transfer from Shawnee. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at Shawnee under the conditions described in the Complaint, would it normally be proper for the Court to consider a request for injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to re-organize the claims in Plaintiff's *pro se* Complaint into the following counts:

**Count 1**: Defendants violated Plaintiff's rights under the ADA and/or Rehabilitation Act at Shawnee in 2017-18 when they deprived him of access to housing, showers, religious services, exercise opportunities, and the law library on the same basis as other inmates.

**Count 2**: Defendants subjected Plaintiff to unconstitutional conditions of confinement at Shawnee in 2017-18 in violation of the Eighth Amendment when they placed him in a cell that lacked handrails, limited his shower access, denied him exercise opportunities, and confiscated his arch support gym shoes, back brace, and knee brace, resulting in several falls and additional injuries.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts should not be construed as an opinion regarding the merits. **Any claims not recognized above but encompassed by the allegations in the Complaint are considered dismissed without prejudice from this action for failure to satisfy the *Twombly* pleading standard.**[3]

**Count 1**

Plaintiff pursues relief against the defendants under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Doc. 1, p. 1). He does not mention the Rehabilitation Act, 29 U.S.C. §§ 794-94e. But courts "are supposed to analyze a litigant's claims and not just legal theories that he propounds," particularly when the plaintiff is proceeding *pro se*. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (citations omitted).

A claim under the Rehabilitation Act is "functionally identical" to a claim under the ADA. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (citing *Love v. Westville Corr. Ctr.*, 103 F.3d

---

[3] This includes, but is not limited to, a claim based on the denial of access to religious services or denial of access to the courts. Although Plaintiff alludes to both, he does not adequately develop either of these claims in the Complaint.

558, 560 (7th Cir. 1996) (citing 42 U.S.C. § 12132)). Plaintiff must allege that "(1) he is a qualified person (2) with a disability and (3) the [state agency] denied him access to a program or activity because of his disability." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). Under the Rehabilitation Act, the relevant state agency must also accept federal funds, which all states do. *Id*. at 671 (citations omitted).

Count 1 is similar to the claim at issue in *Jaros v. Illinois Dept. of Corr.*, 684 F.3d 667 (7th Cir. 2012). Jaros pursued relief under the ADA and Rehabilitation Act when the defendants refused to place him in an ADA-compliant prison and denied him access to showers on the same basis as other inmates. *Id.* at 668. The district court dismissed the complaint, but the Seventh Circuit Court of Appeals reversed and allowed the plaintiff to proceed with only the Rehabilitation Act claim. *Id*. at 671-72. The Court reasoned that the Rehabilitation Act is coextensive with the ADA and avoids "thorny question[s] of sovereign immunity." *Id*. Consistent with *Jaros*, the Rehabilitation Act claim in Count 1 shall also receive further review.

This is not the first time that Plaintiff has pursued a claim under the ADA. He brought a similar claim in *Wilson v. Ill. Dep't of Corr.*, No. 15-cv-01344-MMM (C.D. Ill. 2015) (Doc. 6). The Court held that the claim survived screening and allowed it to proceed under the Rehabilitation Act, instead of the ADA. *Id*.

The Court now finds that Count 1 survives preliminary review. In light of the discussion above, this claim shall proceed under the Rehabilitation Act, rather than the ADA. Further, the proper defendant is the IDOC because there is no individual liability under the Rehabilitation Act. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303,* 783 F.3d 634, 644 (7th Cir. 2015); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). The Rehabilitation Act claim in Count 1 is thus subject to further review against the IDOC and no other defendants, and the ADA claim shall be dismissed without prejudice.

**Count 2**

The conditions of confinement claim in Count 2 is governed by the Eighth Amendment, which prohibits the cruel and unusual punishment of prisoners. U.S. CONST. Amend. VIII. All Eighth Amendment claims have two components. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). To satisfy the objective component, the condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). The subjective component requires the plaintiff to show that a prison official acted with deliberate indifference to the inmate's health or safety. *Wilson*, 501 U.S. at 298; *McNeil,* 16 F.3d at 124.

The allegations support a claim against the individual defendants named in this action. Prisons are required to provide inmates with adequate ventilation, bedding, and hygiene products, among other things. *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir. 1987). They are also prohibited from responding to an inmate's health and safety needs with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). According to the allegations, Officer Johnson, Officer Bundren, and Sergeant Nance confiscated items necessary to ensure Plaintiff's safety in his cell and the prison (e.g., arch support gym shoes, back brace, and knee brace). (Doc. 1, pp. 8-9). Warden Dennison, Warden Walker, and ADA Coordinator Smoot then ignored his complaint that he was "at risk of falling" without these items. (Doc. 1, p. 9). Plaintiff subsequently fell and injured himself during the month he did not have them.

Although the Court takes no position on the ultimate merits of this claim, the Court finds that Count 2 meets the minimum threshold requirements of an Eighth Amendment claim against Warden Dennison, Warden Walker, ADA Coordinator Smoot, Officer Johnson, Officer Bundren, and Sergeant Nance. This claim shall be dismissed without prejudice against the IDOC, however, because the allegations state no claim for relief against this defendant.

**Pending Motion**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that Defendant **SGT. NASH** is **DISMISSED** without prejudice from this action because the Complaint fails to state a claim upon which relief may be granted against this defendant.

**IT IS FURTHER ORDERED** that the Rehabilitation Act claim in **COUNT 1** is subject to further review against Defendant **ILLINOIS DEPARTMENT OF CORRECTIONS**. The ADA claim, however, which is coextensive with the Rehabilitation Act claim, is **DISMISSED** without prejudice. Further, **COUNT 1** is **DISMISSED** with prejudice for failure to state a claim against Defendants **JEFFERY DENNISON, MRS. WALKER, KAREN S. SMOOT, SGT. NANCE, C. JOHNSON,** and **M. BUNDREN**.

**IT IS FURTHER ORDERED** that the Eighth Amendment claim for unconstitutional conditions of confinement in **COUNT 2** is subject to further review against **JEFFERY DENNISON, MRS. WALKER, KAREN S. SMOOT, SGT. NANCE, C. JOHNSON,** and **M. BUNDREN** in their individual capacities. **COUNT 2** is **DISMISSED** without prejudice against Defendant **ILLINOIS DEPARTMENT OF CORRECTIONS**, however, because the Complaint fails to state a claim for relief against this defendant.

With regard to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **ILLINOIS DEPARTMENT OF CORRECTIONS, JEFFERY DENNISON, MRS. WALKER, KAREN S. SMOOT, SGT. NANCE, C. JOHNSON,** and **M. BUNDREN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a

Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take steps to effect formal service on Defendant, and the Court will require Defendant to pay the costs of formal service consistent with the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on the Motion for Recruitment of Counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule

3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 24, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**